UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jacobs Private Equity, LLC | : |
| Plaintiff, | : |
| v. | : CASE NO.: |
| John Doe, | : |
| Defendant. | : |

### VERIFIED COMPLAINT

Plaintiff, Jacobs Private Equity, LLC ("JPE"), for its complaint against Defendant, John Doe, also known by the fraudulent alias "Leite Mauro," alleges as follows:

### I. PARTIES

1. Plaintiff JPE is a Delaware limited liability company with a principal place of business in Greenwich, Connecticut. JPE is a private equity fund in the business of investing in other companies in an effort to increase efficiency and grow the value of the companies in which it makes such investments. During September 2016, and at other relevant times, JPE's business included the registration and maintenance of the internet domain name www.JPE.com and the corresponding website and company e-mail server hosted at that domain name.

2. Defendant John Doe is a person or business entity whose identity is unknown to JPE who, on information and belief, is responsible for the harms suffered by JPE as alleged here. Defendant is also known by the fraudulent alias "Leite Mauro."

### II. JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. § 1331 as this case deals with a federal question of law.

4. This court also has subject matter jurisdiction over the claims presented in this complaint under 28 U.S.C. § 1332 because JPE's principal place of business is in Connecticut and, upon information and belief, all defendants are incorporated in, or are residents of, other states or foreign nations, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant's actions caused harm to JPE within the District of Connecticut and because JPE's business is headquartered in this district.

### III. FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

### A. THE INTERNET AND DOMAIN NAMES

6. The Internet is a globally-linked network of computers. It operates on the principle of transmitting "data packets" to hundreds of millions of computer users through a system of computers called "servers" that are operated by private companies, educational institutions, and government agencies. The traffic in data packets, which enables actions like a user viewing a website or sending an e-mail, is directed by the use of Internet Protocol or "IP" addresses. IP addresses are unique numeric strings used to identify a specific and unique location for each computer connected to the Internet. The "domain name" is a user-friendly replacement for the sets of numbers (IP address) that actually locate a particular computer on the network and is represented in alphanumeric form. Each IP address can be represented by a unique alphanumeric domain name in order to simplify the process of navigating the Internet, followed by a "dot," and a suffix also known as a top-level domain name. A person or business can select, and subsequently register, any alphanumeric combination for a domain name but that

domain name must be unique.  An Internet domain name does not exist until an organization, business, or individual registers it.

7. A domain name such as www.JPE.com is both entirely unique and possesses an intrinsic power to attract attention and commerce and therefore has substantial value as the personal property of the registrant. All domain names possess uniqueness, as this is a necessary element of their functionality; however, three letter domain names, like www.JPE.com, are particularly valuable as they are easy for users to remember and can correspond to a set of initials such as those for a company, trademark, country or airport code, or other acronyms.

8. Domain names are commonly sold as a business asset, either as part of the intellectual property of a projected business or a going concern, or independently of any business activity, merely because of a domain name's uniqueness and attractiveness to a given market segment.  Three letter domain names have sold for as much as $12,000,000.

### B. PLAINTIFF'S REGISTRATION OF www.JPE.com

9. Network Solutions LLC ("Network Solutions") is a fully owned subsidiary of Web.com Group, Inc.  Network Solutions is a Delaware limited liability company and is headquartered in Jacksonville, Florida.  Network Solutions is in the business of providing "domain name" registration and other services related to creating, hosting, and servicing content on the internet.

10. For at least the last 12 years, JPE has been the registrant of the internet domain name www.JPE.com, having completed the initial registration with Network Solutions. By being the first registrant of the domain name www.JPE.com, JPE acquired an exclusive property interest in that domain name and the exclusive right to use the domain name in commerce and communication.  JPE registered the domain name with the intention of securing it and using it to

3

create an internet presence for its business by, among other things, using the domain name to direct internet traffic to the company's website and host the company's e-mail server on the www.JPE.com domain. Network Solutions was aware of JPE's purpose in registering the domain name, and provided services to JPE with the understanding that the domain name registration would be secure from unauthorized transfers. For at least the last 12 years, JPE has had www.JPE.com registered with Network Solutions, paying not only for the initial registration but also paying ongoing periodic payments to maintain both the registration of www.JPE.com and to secure other services related to hosting a website and web services on that domain. At all times relevant to this action, JPE's agent Carolina Olsson was the only person with authority to agree to domain name registration changes, deletions or transfers.

11. Network Solutions required that Carolina Olsson provide "log-on" information in order to manage the domain registration services that it had contracted with JPE to provide. "Log-on" information consists of an account name and password, which correspond to a particular customer's account. The log-on information allows a customer to access a variety of tools that Network Solutions provides to customers to allow them to manage their registered domain.

12. Carolina Olsson did in fact provide Network Solutions with "log-on" information which was associated with JPE's account. Olsson did not share this information with anyone other than Network Solutions. Olsson also did not authorize any other person to access JPE's Network Solution account or to make any changes to the registration information for www.JPE.com.

## C. THE THEFT OF www.JPE.com

13. Defendant John Doe, realizing the inherent value of the www.JPE.com domain name, devised and executed a plan to steal the domain name.

14. On or about September 3, 2016, Defendant John Doe logged on to Network Solution's online services using Carolina Olsson's "log-on" information. Using that log-on information, Doe accessed the registration information for www.JPE.com.

15. Using the account management tools provided by Network Solutions, Doe changed the log-on information ensuring that JPE and Carolina Olsson would be unable to prevent the subsequent transfer of the www.JPE.com domain name.

16. Dynadot LLC ("Dynadot") is a California limited liability company headquartered in San Mateo, California, which also provides domain name registration services.

17. At or about that same time, Doe used the domain name management tools provided by either or both of Network Solutions and/or Dynadot to initiate the transfer of the domain name www.JPE.com. Doe transferred the registration of www.JPE.com from Network Solutions to Dynadot. Additionally, Doe replaced the registration information for www.JPE.com with fabricated information designed to conceal his or her identity and prevent JPE from being able to recover the domain name.

18. Following the fraudulent transfer of www.JPE.com, a "WHOIS" search for the registration information for the domain name was conducted. A "WHOIS" search is a search of a network of internet databases which collect domain name registration information from registration providers like Network Solutions and Dynadot. That search revealed that www.JPE.com's registration had been changed to reflect the following:

      A.  Name: Leite Mauro

      B.  Mailing Address: 1154 South 18th Avenue, Phoenix AZ 85007 US

      C.  Phone: +1.4805442800

      D.  E-mail:leitamouro@hotmail.com

19.    A phone call was placed to the registered phone number, which revealed that that phone number was for a dental office in Scottsdale, Arizona. The person who answered the phone at that number relayed that there was not nor had there ever been anyone named "Leite Mauro" who worked at that office.

20.    A search for the registered address revealed that it was a fictional address that did not correspond to any building.

## COUNT ONE: CONVERSION

21.    Plaintiff JPE repeats and realleges paragraphs 1 through 20 above as if set forth in full.

22.    As a result of Doe's above-described conduct, Network Solutions canceled JPE's registration of www.JPE.com and transferred the domain name to Dynadot where it was reregistered with fabricated information.

23.    JPE has demanded the return of www.JPE.com from Dynadot, Web.com, and Network Solutions.

24.    JPE has informed Dynadot, Web.com, and Network Solutions that it is the rightful owner of the domain www.JPE.com.

25.    From the moment that Doe used Carolina Olsson's "log-on" information to access the Network Solutions account corresponding to the name www.JPE.com, it has been fully obvious to Network Solutions that the transfer to Dynadot was wrongful.

26. To date, however, Dynadot, Web.com, and Network Solutions have refused to return the domain name, www.JPE.com, to JPE, and thus JPE needs a court order declaring its rightful ownership and requiring the return of the domain name.

27. Doe and Dynadot have possession of the fraudulently transferred domain name, www.JPE.com, substantially interfering with JPE's use of the domain name by making it technically impossible for JPE to utilize the domain name for its own internet business activities. As a result of Doe's fraudulent transfer of the domain, all of the web services that JPE used to conduct its online business activities have been disabled, including JPE's company e-mail server. JPE uses its company e-mail server to send and receive e-mails that include banking transactions, trade secrets, and proprietary and confidential information. Additionally, JPE is unable to prevent Doe from using www.JPE.com to host or transmit web content or e-mails that may cause further harm to JPE.

28. JPE has suffered both monetary and non-monetary harm as the result of the theft of its domain name.

**COUNT TWO:**
**VIOLATION OF FEDERAL COMPUTER FRAUD AND ABUSE ACT**
**(18.U.S.C. § 1030(a)(2)(C) & (a)(4) & (a)(5))**

29. Plaintiff JPE repeats and realleges paragraphs 1 through 28 above as if set forth in full.

30. On or about September 3, 2016, Defendant John Doe took the first step toward fraudulently transferring the domain name www.JPE.com by unlawfully accessing Carolina Olsson's e-mail account without authorization.

31. In order to execute his plan to fraudulently transfer www.JPE.com, Doe first had to gain access to the Network Solutions account associated with that domain. To do so, Doe

employed both fraud and malicious code to compromise Carolina Olsson's e-mail account which was associated with www.JPE.com. Having gained access to Olsson's e-mail account, Doe created a filtering system that would detect and delete any incoming e-mails that might alert Olsson of unauthorized access or changes to the Network Solutions account used to manage www.JPE.com. By doing so, Doe was able to effectuate the fraudulent transfer without alerting JPE or Olsson until it was too late to be stopped.

32. The computer system or systems that Doe accessed as described above constitute a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2).

33. JPE has suffered damage and loss by reason of these violations, including, without limitation, harm to JPE's data, programs, and computer systems and other losses and damage in an amount to be proved at trial, but, in any event, in an amount well over $75,000.

34. Doe's unlawful access to and theft from JPE's computers also have caused JPE irreparable injury. Unless interim relief is granted, JPE's irreparable injury will only grow in magnitude. JPE's remedy at law is not adequate to compensate it for these ongoing inflicted and threatened injuries, entitling JPE to remedies including equitable relief as provided by 18 U.S.C. § 1030(g).

35. Doe has violated the Computer Fraud and Abuse Act, 18.U.S.C. § 1030(a)(2)(C), by intentionally accessing a computer used for interstate commerce or communication without authorization by exceeding authorized access to such a computer, and by obtaining information from such a protected computer.

36. Doe has violated the Computer Fraud and Abuse Act, 18.U.S.C. § 1030(a)(4), by knowingly, and with intent to defraud JPE, accessing a protected computer without authorization or by exceeding authorized access to such a computer, and by means of such conduct furthered

the intended fraud and obtained one of more things of value, including but not limited to the domain name www.JPE.com.

37. Doe has violated the Computer Fraud and Abuse Act, 18.U.S.C. § 1030(a)(5), by knowingly causing the transmission of information or code and as a result intentionally causing damage to a protected computer owned by JPE.

### COUNT THREE: CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT
### (15 U.S.C. § 1125(d))

38. Plaintiff JPE repeats and realleges paragraphs 1 through 37 above as if set forth in full.

39. JPE's mark, "JPE," was and is used in commerce nationwide to identify JPE's commercial activities and, as a result, has developed a corresponding secondary meaning to reflect an association with or endorsement by JPE.

40. The stolen domain name is identical to JPE's "JPE" mark, which was distinctive and known at the time Defendant John Doe fraudulently transferred www.JPE.com.

41. Doe has registered, trafficked in, and/or used www.JPE.com with a bad-faith intent to benefit from JPE's mark.

42. Doe's registration of, trafficking in, and/or use of www.JPE.com has caused, and is likely to continue to cause, irreparable harm to JPE's goodwill and reputation.

43. Doe's actions were and are willful and JPE has no adequate remedy at law.

44. Doe's activities as alleged herein constitute a violation of the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

45. As a direct and proximate result of such conduct, JPE has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT FOUR:  UNFAIR COMPETITION UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(a))

46.     Plaintiff JPE incorporates the allegations from paragraphs 1 through 45 as if fully set forth herein.

47.     Defendant John Doe's use in commerce of the "JPE" mark constitutes a false designation of origin and/or false or misleading deception or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with JPE, or as to the origin, sponsorship, or approval of the services or activities of Doe.

48.     Doe's use of the "JPE" mark, and/or confusingly similar marks, with the knowledge that JPE owns and has used, and continues to use, its "JPE" mark, constitutes intentional conduct by Doe to make false designations of origin and false descriptions about Doe's activities.

49.     As a direct and proximate result of such unfair competition, JPE has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JPE requests judgment against Defendant John Doe for:

A.      A declaration of the respective rights of the parties to this action with respect to the domain name www.JPE.com establishing the right of JPE to sole and exclusive ownership and possession of the domain name, and determining any ownership or possession interest of any other party in that domain name to be void;

B.      An order compelling delivery to JPE of registration and possession of the domain name www.JPE.com;

  C. An order compelling John Doe not to interfere in any way with the return of the domain name www.JPE.com to JPE or the ongoing use of that domain name once returned;

  D. An award to JPE of actual damages which are in excess of $75,000, with an exact amount to be determined at trial;

  E. An award to JPE of special damages in an amount to be determined at trial;

  F. An award to JPE of punitive damages in an amount to be determined at trial;

  G. An award of attorney's fees and costs; and

  H. An award of such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Dated: October 13, 2016

| | |
|---|---|
| David L. Hall<br>Jacob A. Sand<br>Wiggin and Dana LLP<br>Two Liberty Place<br>50 S. 16th Street, Suite 2925<br>Philadelphia, PA 19102<br>Tel: 215.988.8310<br>Fax: 215.988.8344 | */s/ Joseph C. Merschman*<br>Joseph C. Merschman (ct27896)<br>Wiggin and Dana LLP<br>One Century Tower<br>P.O. Box 1832<br>New Haven, CT 06508-1832<br>Tel:  203.498.4400<br>Fax: 203.782.2889 |

# VERIFICATION

I, Bradley Jacobs, declare the following:

1. I am the managing director of Jacobs Private Equity, LLC.

2. I have personal knowledge of the facts set out in the foregoing *Verified Complaint* and if called to testify I would competently testify as to the matters stated herein.

3. I verify under the penalty of perjury, pursuant to 28 U.S.C. § 1746; 18 U.S.C. § 1621, that the facts in this *Verified Complaint* are true and correct to the best of my knowledge.

Executed ___12___ of October, 2016.

_____
Bradley Jacobs
Jacobs Private Equity, LLC