UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACOBS PRIVATE EQUITY, LLC,<br>    Plaintiff, | : : : : : : : : : | CASE NO.<br>3:16-CV-1705 (JCH)<br><br><br><br>OCTOBER 24, 2016 |
| v. | | |
| JOHN DOE,<br>    Defendant. | | |

### ORDER RE: PLAINTIFF'S AMENDED APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTION (DOC. NO. 15)

The court previously denied (Doc. No. 14) the Application for a Temporary Restraining Order and Injunction (Doc. No. 2) filed by plaintiff Jacobs Private Equity ("JPE") on October 13, 2016.  JPE has now filed an Amended Application for a Temporary Restraining Order and Injunction ("Amended Application") (Doc. No. 15) and a Memorandum of Law in Support of its Amended Application ("Memorandum") (Doc. No. 15-1).  For the reasons set forth below, the Application is **GRANTED IN PART** and **DENIED IN PART**.

JPE suggests that the court should "[d]irect . . . Network Solutions and Dynadot to reasonably assist" in the return of its domain name.  Memorandum at 11.  In order for this court to enter such an order, even one issued pursuant to the All Writs Act, 28 U.S.C. § 1651, against a non-party, it must have some connection with that non-party. United States v. Int'l Bhd. of Teamsters, 907 F.2d 277, 281 (2d Cir. 1990) (noting that injunctions may be issued against non-parties pursuant to All Writs Act, but requiring that persons enjoined "have the 'minimum contacts' that are constitutionally required under due process" (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316)).  Nothing

1

in JPE's papers addresses the question of whether this court has such jurisdictional connection with Network Solutions and Dynadot or offers anything that would allow the court to so infer. In the absence of any such assertions, or basis to support an International Shoe finding, the Application for an Order directing action on the part of Network Solutions and Dynadot is **DENIED** without prejudice.

JPE also asks that this court "[s]eize the domain name, www.JPE.com," invoking section 1116(d)(1)(A) of title 15 of the United States Code. See Amended Application at 4; Memorandum at 3. However, that provision provides such relief only "[i]n the case of a civil action arising under section 1114(1)(a) [of title 15] or section 220506 of Title 36." 15 U.S.C. § 1116(d)(1)(A) (emphasis added). Nowhere in its filings does JPE suggest it is seeking relief under section 1114(1)(a) of title 15 or under section 220506 of title 36 of the United States Code. Cf. Verified Complaint (Doc. No. 1) ¶¶ 38–49 (pleading causes of action under sections 1125(d) and 1125(a) of title 15 of the United States Code). Nor does JPE make clear that it "has given such notice of the application [for seizure] as is reasonable under the circumstances to the United States [A]ttorney" for the District of Connecticut, as is required before this court can consider JPE's Application. 15. U.S.C. § 1116(d)(2). Therefore, JPE's request that the court "[s]eize" the domain name is **DENIED**.

However, as stated on the record at the hearing held on October 17, 2016, the court finds JPE has met the requirements for entry of a temporary restraining order against the defendant John Doe. See Winter v. Nat'l Res. Def. Counsel, Inc., 555 U.S. 7, 20 (2008). Therefore, the Application is **GRANTED** as to the defendant John Doe in part.

**IT IS HEREBY ORDERED THAT** defendant John Doe is temporarily enjoined and restrained from further transferring the domain name www.JPE.com, from making any further changes to that domain name's registration information, other than actions to return control of the domain name to JPE, and from using the domain name in any way.

This Order shall remain in effect pending the Show Cause Hearing scheduled for **NOVEMBER 7, 2016** or further order of the Court. JPE is directed to serve this Order on the defendant John Doe by **OCTOBER 31, 2016 AT NOON**, and to file a return of service on the docket.

To the extent the court has denied JPE's Application, such denial is without prejudice to further application.

**SO ORDERED**.

Dated at New Haven, Connecticut this 24th day of October, 2016.

                                                                              /s/ Janet C. Hall
                                                                              Janet C. Hall
                                                                              United States District Judge